IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 3:08-cr-30023-DWD-PMF-1 |
| ) | |
| ANTHONY WOMACK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court is Defendant Anthony Womack's motion for compassionate release (Doc. 151) and motion to appoint counsel. (Doc. 167) The motions are fully briefed and ripe for decision.[1] (Docs. 151, 157, 163, 167, 169 & 170) For the following reasons, the motions are due to be denied.

In November 2008, Womack was convicted of distributing crack cocaine. (Doc. 37) In June 2009, Womack was sentenced to a term of imprisonment of 360 months and a term of supervised release of eight years. (Doc. 62 at 2–3) Womack appealed the district court's application of the career offender enhancement to his sentencing. (Doc. 89 at 6)

---

[1] On June 7, 2021, Womack filed a motion for status indicating that he had not received the United States' response to his motion for compassionate release. (Doc. 165) The Court ordered the Clerk of Court to send him a copy of the United States' response as a one-time courtesy and extended his deadline to file a reply. (Doc. 166) In his subsequent motion to appoint counsel, Womack indicated that he still had not received the United States' response. (Doc. 167 at 1) Regardless, Womack proceeded to make additional arguments in support of his motion. (Doc. 167 at 3–7) The Court finds that Womack has had ample opportunity to argue his motion and does not require an additional reply from him to decide the motion. *See* SDIL-LR 7.1 ("Reply briefs are not favored and should be filed only in exceptional circumstances."). The Court is satisfied that multiple efforts have been made to send the United States' response to Womack and that it has sufficient briefing from both parties to decide the motion.

The Seventh Circuit Court of Appeals confirmed that the district court correctly applied the career offender enhancement but remanded for resentencing for other reasons. (Doc. 89) On remand, the district court imposed the same sentence on Womack. (Doc. 102 at 2–3) Womack appealed, and the Seventh Circuit again remanded for resentencing, this time because of the newly enacted Fair Sentencing Act of 2010. (Doc. 116-2) The district court resentenced Womack to a term of imprisonment of 262 months and a term of supervised release of six years. (Doc. 131 at 2–3) Womack again appealed, but the Seventh Circuit affirmed the district court's judgment, noting that Womack qualified as a career offender. (Doc. 148-2 at 2)

In December 2015, Womack filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *Womack v. United States*, No. 15-cv-1376 (Doc. 1). In his motion, he argued that he was entitled to relief "because his prior conviction for aggravated fleeing was used as a predicate offense under the career offender's residual clause." (No. 15-cv-1376, Doc. 1 at 6) However, the court later granted Womack's motion to dismiss the petition without prejudice. (No. 15-cv-1376, Docs. 7 & 8) Womack filed his motion for compassionate release in December 2020, arguing that changes to the sentencing statutes since his own sentencing constitute extraordinary and compelling reasons for a sentence modification under the First Step Act. (Doc. 1)

### THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow

2

incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.[2] The defendant bears the burden of showing that he is entitled to relief under the First Step Act. *United States v. Gold*, 459 F. Supp. 3d 1117, 1119 (N.D. Ill. 2020).

      After such a motion is filed, either by the Director of the Bureau of Prisons or by the defendant, the Court may reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). However, if the motion is brought by the defendant, the court may consider the Commission's policy statements but is not bound by them. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). The Commission's policy statement essentially restates § 3582(c)(1)(A), but the Application Notes to the policy statement suggest specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant, and (C) family circumstances. *Application Notes*, U.S.S.G. § 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary

---

[2] The United States does not contend that Womack failed to exhaust his administrative remedies.

3

and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13.

## DISCUSSION

"Section 401(a)(2)(A)(i) of the First Step Act changed the definition of a predicate conviction for an enhanced sentence under 21 U.S.C. § 851 from a 'prior conviction for a felony drug offense' to a 'prior conviction for a serious drug felony.'" *United States v. King*, No. 1:03-cr-182-JPH-MJD, 2020 WL 1274998, at *1 (S.D. Ind. Mar. 16, 2020). While Womack does not try to argue that Section 401 of the First Step Act is retroactive (it isn't), he does observe that were he sentenced today, the guideline range for his sentence would be 92–115 months, whereas his guideline range at the time of his sentencing was 262–327 months. (Doc. 151 at 9) He argues that the disparity of 170 months from low-end to low-end constitutes an extraordinary and compelling reason for compassionate release. (Doc. 151 at 10) However, this Court finds that the disparity between the results of the different sentencing guidelines does not amount to an extraordinary and compelling reason for sentence modification. *See United States v. Thomas*, No. 10-30046, 2020 WL 4917730, at *5 (C.D. Ill. Aug. 21, 2020), *aff'd*, No. 20-2683, 2021 WL 1711808 (7th Cir. Apr. 30, 2021). Congress chose not to make the First Step Act retroactive, and this Court will not use compassionate release to do what Congress did not.

Further, the United States has pointed to significant evidence that Womack poses a danger to other persons. Womack's criminal history includes charges for firing a gun

4

into an occupied residence, multiple instances of domestic battery, driving at speeds greater than 64 miles per hour in a neighborhood while fleeing from a police officer, 48 traffic-related convictions, and numerous drug-related crimes (Doc. 58 at 6–11) While not bound by the Sentencing Commission's guidance that the defendant not be a danger to the safety of others, the Court finds this to be a relevant factor weighing against sentence modification for Womack. *See Thomas*, 2021 WL 1711808, at *3 ("The Sentencing Commission's analysis in § 1B1.13 and its Application Notes may continue to inform the district court's discretion 'without being conclusive.'").

Finally, there is a problematic tension between Womack's compassionate release motion and the relief offered under 28 U.S.C. § 2255. "As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Womack stops short of attacking his sentence but seeks to use the First Step Act to achieve the same result. The Seventh Circuit has voiced its concern about the First Step Act's compassionate release provision being used too broadly:

> [W]e are not saying that extraordinary and compelling individual circumstances, such as a terminal illness, cannot in particular cases supply the basis for a discretionary sentencing reduction of a mandatory minimum sentence. But we are saying that the discretion conferred by [the First Step Act] does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction. And so too do we worry that a contrary conclusion about the scope of the discretion conferred by [the First Step Act] would allow the compassionate release statute to operate in a way that creates tension with the principal path and conditions Congress established for federal prisoners to challenge their sentences. That path is embodied in the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and

5

accompanying provisions.

*United States v. Thacker*, No. 20-2943, 2021 WL 2979530, at *4 (7th Cir. 2021). But it would not help Womack's cause if the Court construed his motion as having been brought under § 2255. *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) (affirming district court's recharacterization of a motion as having been brought under § 2255 because "it is the substance of the petitioner's motion that controls how his request for relief shall be treated"). Womack has not stated any basis for relief under § 2255 and almost certainly filed his motion after § 2255's one-year period of limitation had run. *See* 28 U.S.C. § 2255(f). In short, neither the First Step Act nor § 2255 can provide Womack the relief he seeks.

Womack also filed a motion to appoint counsel after filing his compassionate release motion. (Doc. 167) The compassionate release motion is not particularly complex, either factually or legally, and Womack appears well able to represent himself in this matter. Therefore, the Court will not exercise its discretion to appoint Womack counsel. For these reasons, Womack's motions for compassionate release (Doc. 151) and to appoint counsel (Doc. 167) are DENIED.

**SO ORDERED.**

Dated: July 27, 2021

_____
DAVID W. DUGAN
United States District Judge