IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 3:8-cr-30023-DWD** |
| | ) | |
| **ANTHONY WOMACK,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM & ORDER**

Before the Court is Defendant's Motion for a Sentence Reduction via Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13(b)(6) ("Motion"). (Doc. 174). The Government filed a Response in Opposition to the Motion. (Sealed Doc. 189). For the reasons explained below, the Motion is **DENIED**.

**I. Background**

On January 25, 2008, Defendant was charged with distribution of cocaine base under 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). (Doc. 1). Thereafter, the Government filed an Information Charging Prior Offense to subject Defendant to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(B). (Doc. 22). Defendant was found guilty of that charge by a jury on November 19, 2008. (Doc. 37). On December 20, 2012, Defendant was sentenced to 262 months of imprisonment and 6 years of supervised release. (Docs. 128 & 131).[1] That sentence was reflective of an adjusted offense level of 34 and a criminal history category of VI. (Sealed Doc. 127). Defendant was a career offender, but his

[1]Two of Defendant's prior sentences were vacated. (Docs. 59, 62, 64, 89, 101, 102, 104, 116).

statutory maximum sentence was lowered under the Fair Sentencing Act of 2010, P.L. 111-220, 124 Stat. 2372. When issuing Defendant's sentence, Judge Herndon stated:

> So you take this case. There are only a couple of convictions for which no points were assessed within the guideline system, one of which was the serious violent felony of aggravated discharge of a firearm, which was coupled with a controlled substance offense, and as well as another controlled substance offense. But from the time Mr. Womack was 18, he had one serious offense after another, and regardless of Mr. Clemons' argument, they were a combination of both controlled substance offenses and violent offenses. And while there will be many arguments about this, I take particular note of this kind of record with regard to anybody. Don't know if I talked about it before or not, but when somebody has 48 traffic related convictions, I think that says something about the person's willingness to abide by the laws of society. Now, people usually say, well, those are just minor offenses and don't mean anything. I would probably tend to agree if it says -- if it's two or three or maybe even four or five. But when somebody has 48 traffic-related convictions, that just simply means somebody is not willing to live within society's rules.
>
> Some of these are not particularly minor when they include such things as uninsured motor vehicle, fleeing, attempting to elude, driving on a suspended license. Those are serious violations of the law. So the picture that one sees here of Mr. Womack is someone who, by and large, right up to the time he was arrested for this offense, was living a lawless life. Now, if that's not a definition of a career criminal, then I'm not sure what one is.

(Doc. 139, pgs. 29-30).

Defendant's sentence was affirmed by the Seventh Circuit. (Doc. 148). On December 14, 2015, Defendant filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, which was dismissed on June 2, 2017. (Doc. 149); *see also Womack v. U.S.*, No. 15-cv-1376, Docs. 1, 7-8 (S.D. Ill. 2015). On December 30, 2020, Defendant filed a Motion for Compassionate Release, which the Government opposed. (Doc. 151; Sealed Doc. 163). On July 27, 2021, the undersigned denied that Motion, finding, in part, that:

[T]his Court finds that the disparity between the results of the different sentencing guidelines does not amount to an extraordinary and compelling reason for sentence modification. *See United States v. Thomas*, No. 10-30046, 2020 WL 4917730, at *5 (C.D. Ill. Aug. 21, 2020), *aff'd*, No. 20-2683, 2021 WL 1711808 (7th Cir. Apr. 30, 2021). Congress chose not to make the First Step Act retroactive, and this Court will not use compassionate release to do what Congress did not.

Further, the United States has pointed to significant evidence that Womack poses a danger to other persons. Womack's criminal history includes charges for firing a gun into an occupied residence, multiple instances of domestic battery, driving at speeds greater than 64 miles per hour in a neighborhood while fleeing from a police officer, 48 traffic-related convictions, and numerous drug-related crimes (Doc. 58 at 6-11)[.] While not bound by the Sentencing Commission's guidance that the defendant not be a danger to the safety of others, the Court finds this to be a relevant factor weighing against sentence modification for Womack. *See Thomas*, 2021 WL 1711808, at *3 ("The Sentencing Commission's analysis in § 1B1.13 and its Application Notes may continue to inform the district court's discretion 'without being conclusive.' ").

Finally, there is a problematic tension between Womack's compassionate release motion and the relief offered under 28 U.S.C. § 2255. "As a general rule, a federal prisoner wishing to collaterally attack his conviction or sentence must do so under § 2255 in the district of conviction." *Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019). Womack stops short of attacking his sentence but seeks to use the First Step Act to achieve the same result. The Seventh Circuit has voiced its concern about the First Step Act's compassionate release provision being used too broadly:

> [W]e are not saying that extraordinary and compelling individual circumstances, such as a terminal illness, cannot in particular cases supply the basis for a discretionary sentencing reduction of a mandatory minimum sentence. But we are saying that the discretion conferred by [the First Step Act] does not include authority to reduce a mandatory minimum sentence on the basis that the length of the sentence itself constitutes an extraordinary and compelling circumstance warranting a sentencing reduction. And so too do we worry that a contrary conclusion about the scope of the discretion conferred by [the First Step Act] would allow the compassionate release statute to operate in a way that creates

> tension with the principal path and conditions Congress established for federal prisoners to challenge their sentences. That path is embodied in the specific statutory scheme authorizing post-conviction relief in 28 U.S.C. § 2255 and accompanying provisions.

> *United States v. Thacker*, No. 20-2943, 2021 WL 2979530, at *4 (7th Cir. 2021). But it would not help Womack's cause if the Court construed his motion as having been brought under § 2255. *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) (affirming district court's recharacterization of a motion as having been brought under § 2255 because "it is the substance of the petitioner's motion that controls how his request for relief shall be treated."). Womack has not stated any basis for relief under § 2255 and almost certainly filed his motion after § 2255's one-year period of limitation had run. *See* 28 U.S.C. § 2255(f). In short, neither the First Step Act nor § 2255 can provide Womack the relief he seeks.

(Doc. 171, pgs. 4-6).

Defendant did not appeal this ruling. He is currently under home confinement with a release date of December 12, 2024. (Docs. 183, 184, 188; Sealed Doc. 189, pg. 1).

**II. Analysis**

Now, in his Motion, Defendant argues he no longer qualifies for a sentencing enhancement under § 841(b)(1)(B) in light of *U.S. v. Ruth*, 966 F.3d 642 (7th Cir. 2020). (Doc. 174, pgs. 2-3). Since Defendant served 193 months of his 262 month sentence as of the date he filed the Motion, which he states represents "the statutory maximum of 20 years without the enhanced penalties," Defendant argues the changes in the law to § 841 through the First Step Act and *Ruth* may be considered to determine if he presents an extraordinary and compelling reason for a sentence reduction under the "unusually long sentence" provision of § 1B1.13(b)(6). (Doc. 174, pgs. 2-3). Further, while he admits rehabilitation efforts alone cannot support a compassionate release, Defendant argues

those efforts may be considered in the Court's comprehensive analysis. (Doc. 174, pgs. 3-4). For these reasons, Defendant seeks a reduced sentence of 185 months of imprisonment and 3 years of supervised release, which he believes is consistent with the factors set forth in 18 U.S.C. § 3553(a) and "equal [to] a sentence of time served." (Doc. 174, pg. 3).

In Response, the Government argues Defendant failed to show he is entitled to a compassionate release because: (1) he challenges "the validity of his judgment based on a[n] [intervening] judicial decision interpreting existing law in a manner that supports a claim of legal error that he did not previously recognize" rather than on any retroactive change in the law; (2) § 1B1.13(b)(6) is invalid because its promulgation represents an excessive exercise of authority by the Sentencing Commission and its text conflicts with § 3582(c)(1)(A), as held by Seventh Circuit precedent; (3) Defendant's rehabilitative efforts are insufficient alone and in combination with other factors; and (4) the § 3553(a) factors weigh against Defendant's early release. (Sealed Doc. 189, pgs. 1-2, 12-47).

Relevant here, the Court may not modify a term of imprisonment once it has been imposed, except that, in any case, upon the motion of the defendant where certain conditions currently not at issue are satisfied, the court "may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction must also be consistent with

the policy statements issued by the Sentencing Commission. *Id*. § 3582(c)(1)(A). Further, in relation to when "[e]xtraordinary and compelling reasons exist," § 1B1.13(b)(6) states:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

With the exception of § 1B1.13(b)(6), a change in the law shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under § 1B1.13. *Id*. § 1B1.13(c). However, when the defendant establishes that extraordinary and compelling reasons warrant a sentence reduction under § 1B1.13, a change in the law may be considered to determine the extent of any such sentence reduction. *Id*. Likewise, while the rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for a sentence reduction under § 1B1.13, the rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances to determine whether and to what extent there should be a reduction in the defendant's term of imprisonment. *Id*. § 1B1.13(d).

Here, based on the case law examining the above provisions, it is clear to the Court that Defendant's arguments cannot win the day. As a threshold matter, Defendant is not eligible for a sentence reduction via compassionate release because the Seventh Circuit has held, unequivocally, that nonretroactive changes in the law, alone, do not constitute

"extraordinary and compelling reasons" for relief. *See U.S. v. Williams*, 65 F.4th 343, 345-47 (7th Cir. 2023) (citing *U.S. v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021)); *see also U.S. v. Peoples*, 41 F.4th 837, 840 (7th Cir. 2022) ("[T]he prisoner 'must identify an "extraordinary and compelling" reason warranting a sentence reduction.' "); *U.S. v. King*, 40 F.4th 594, 595 (7th Cir. 2022) (stating, "[w]hen deciding whether 'extraordinary and compelling reasons,' 18 U.S.C. § 3582(c)(1)(A)(i), justify a prisoner's compassionate release," as part of the Court's "threshold" inquiry of whether the prisoner is entitled to relief, "judges must not rely on non-retroactive statutory changes or new judicial decisions"); *U.S. v. Brock*, 39 F.4th 462, 463-64 (7th Cir. 2022) (noting the defendant had to "first identify[] a legally cognizable 'extraordinary and compelling' reason for ending his sentence early.").

This is true not only as a general matter but also in the context of the specific arguments now presented by Defendant. *See Williams*, 65 F.4th at 346 (Seventh Circuit affirming the denial of compassionate release where, *inter alia*, "we have found significance in the fact that Congress did not make its changes in sentences for violations of section 841 retroactive" and, as reasoned in *Thacker*, "a nonretroactive statutory sentencing change cannot be transformed into one that is retroactive by the device of compassionate release"); *U.S. v. Vaughn*, 62 F.4th 1071, 1072-73 (7th Cir. 2023) (Seventh Circuit affirming the denial of compassionate release, despite the career-offender defendant's argument that *Ruth* would lead to a lower sentence, where, *inter alia*, "*Ruth* specified that its holding does not affect the career-offender calculation" and "*Ruth* does not justify compassionate release as an indirect means to achieve retroactive application

of that decision"); *Brock*, 39 F.4th at 464-65 (Seventh Circuit holding its precedent, including *Thacker*, foreclosed the defendant's "use of the compassionate release statute to pursue…[a lower sentence] based on what he sees as the change in law announced in *Ruth*."); *U.S. v. Williams*, 62 F.4th 391, 392 (7th Cir. 2023) (Seventh Circuit affirming the denial of compassionate release, despite the defendant's argument that his sentence was "too long" in light of *Ruth* and the fact that a prior conviction for delivery of cocaine in Illinois could no longer satisfy the criteria for a "serious drug felony" under § 841(b)(1)(B), where, *inter alia*, it had previously held in *Brock* that *Ruth* cannot support compassionate release); *King*, 40 F.4th at 596 (Seventh Circuit affirming the denial of compassionate release, despite the defendant's argument that *Ruth* "furnishes an 'extraordinary and compelling' reason for compassionate release," where, *inter alia*, "[h]is effort to use *Ruth* as a door opener under the compassionate-release statute is foreclosed by *Brock*"); *U.S. v. Watts*, No. 21-2867, 2022 WL 2208517, *1 (7th Cir. June 21, 2022) (Seventh Circuit affirming the denial of compassionate release where, despite the defendant's argument related to the impact of *Ruth* on his eligibility for a lower sentence, "the court permissibly bypassed that argument because it lacked discretion under § 3582(c)(1)(A)(i) to reduce a statutory-minimum sentence asserted to be unfairly long").

Therefore, in short, new and nonretroactive statutes or judicial decisions, even those that announce new law, cannot, by themselves, give rise to extraordinary and compelling circumstances that allow for a sentencing reduction via compassionate release. *U.S. v. Von Vader*, 58 F.4th 369, 371 (7th Cir. 2023); *accord Brock*, 39 F.4th at 465;

*U.S. v. Plunkett*, No. 13-cr-30003, 2024 WL 2154928, *2-3 (S.D. Ill. May 14, 2024); *U.S. v. Black*, --- F. Supp. 3d ----, 2024 WL 449940, *9 (N.D. Ill. Feb. 6, 2024); *see also King*, 40 F.4th at 595 ("There's nothing 'extraordinary' about new statutes or caselaw…; these are the ordinary business of the legal system."). Otherwise, as alluded to in the Court's prior ruling, § 3582(c)(1)(A) could improperly serve as an alternative to a direct appeal or postconviction motion under § 2255. *Von Vader*, 58 F.4th at 371; *accord Brock*, 39 F.4th at 465; *see also King*, 40 F.4th at 595 (stating the consequences of new statutes, new caselaw, and errors by the sentencing judge "should be addressed by direct appeal or collateral review under" § 2255); (Doc. 171, pgs. 4-6). Also, as Defendant seems to concede, rehabilitation alone does not constitute an extraordinary and compelling reason for a compassionate release. *See Peoples*, 41 F.4th at 841; U.S.S.G. § 1B1.13(d); 28 U.S.C. § 994(t).

Alternatively, while the Court need not consider the § 3553(a) sentencing factors due to Defendant's failure to clear the threshold inquiry at step 1, the Court notes that those sentencing factors would weigh against a compassionate release for the reasons already discussed in the Court's prior ruling. *See U.S. v. Newton*, 37 F.4th 1207, 1210 (7th Cir. 2022) (Seventh Circuit noting the weighing of the § 3553(a) sentencing factors is an "unnecessary step two if the prisoner has not satisfied step one of identifying an extraordinary and compelling reason for a sentence reduction"); *U.S. v. Carr*, 568 F. Supp. 3d 950, 952 (N.D. Ill. 2021) (declining to consider if the § 3553(a) sentencing factors supported relief where the defendant had not cleared the threshold inquiry of showing an extraordinary and compelling reason under § 3582(c)(1)(A)); *Plunkett*, 2024 WL

2154928 at *3-4 (finding, even if the Sentencing Commission prevailed over Seventh Circuit precedent at step 1, the defendant would not be entitled to a sentence reduction under the § 3553(a) sentencing factors considered at step 2); (Doc. 171, pgs. 4-5).

### III. Conclusion

For the reasons explained above, Defendant's Motion is **DENIED**.

**SO ORDERED.**

Dated: August 8, 2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DAVID W. DUGAN
United States District Judge