IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:8-cr-30023-DWD |
| | ) |
| ANTHONY WOMACK, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING**
**THE EARLY TERMINATION OF SUPERVISED RELEASE**

**DUGAN, District Judge:**

Before the Court is Defendant's *pro se* Motion for the Early Termination of Supervised Release. (Doc. 193). As explained below, the Motion is **GRANTED**.

On January 25, 2008, Defendant was charged with the distribution of cocaine base under 21 U.S.C. § 841(a)(1) and (b)(1)(B). (Doc. 1). Thereafter, the Government filed an Information Charging Prior Offense to subject Defendant to the enhanced penalty provisions of § 841(b)(1)(B). (Doc. 22). Defendant was found guilty of that charge by a jury on November 19, 2008. (Doc. 37). On December 20, 2012, Defendant was sentenced to 262 months of imprisonment and 6 years of supervised release. (Docs. 128 & 131).[1] That sentence reflected an adjusted offense level of 34 and a criminal history category of VI. (Sealed Doc. 127). Defendant was a career offender, but his statutory maximum sentence was lowered under the Fair Sentencing Act of 2010, P.L. 111-220, 124 Stat. 2372. Defendant's sentence was affirmed by the Seventh Circuit Court of Appeals. (Doc. 148).

---

[1] Two of Defendant's prior sentences were vacated. (Docs. 59, 62, 64, 89, 101, 102, 104, 116).

1

On January 20, 2026, Defendant, who served approximately 17 years in federal custody, filed his *pro se* Motion for the Early Termination of Supervised Release. (Doc. 193, pg. 3). He describes how an early termination of supervised release is warranted "based on [his] exemplary post-release conduct, demonstrated rehabilitation, stable employment, stable housing, lawful living conditions, meaningful community contribution, and the interests of justice." (Doc. 193, pgs. 1, 3-5). Early into his supervised release, Defendant admits he tested positive for marijuana; however, he "immediately accepted responsibility," "complied fully with the Probation Office's response," "voluntarily enrolled in and completed substance abuse treatment in order to ensure [his] long-term success and accountability," and otherwise "remained fully compliant with all conditions of supervision and…passed all required drug testing." (Doc. 193, pg. 3).

Plaintiff and the United States Probation Office, for their part, do not oppose Defendant's request. In fact, the United States Probation Office "has indicated that Mr. Womack is a good candidate for early termination of supervised release," stating:

> While on supervision Mr. Womack had maintained stable housing at 201 East 13th Street, Alton, IL. Mr. Womack has maintained full time employment since the start of supervision in December 2024. Mr. Womack has worked at St. Anthony's Hospital and now for Designaire Heating and Cooling.
>
> Mr. Womack has only tested positive for an illicit substance on one occasion. In June 2025 he tested positive for THC but has since completed a treatment assessment and was not recommended for treatment. He has additionally tested negative for illicit substances five times since his last positive and has shown no indication of continued use.
>
> In July 2025, Mr. Womack received a ticket for Disobeying a Peace Officer for driving around cones at a July 4th celebration. He was fined $226.00 as a result which he paid.

2

> Despite these two instances of non-compliance Mr. Womack has reintegrated successfully into the community. He is currently employed full time, has a stable residence, and is in a stable relationship with Peaches Williams. Mr. Womack is currently focusing on his HVAC work and has the intention to start his own company in the future. Mr. Womack has satisfied all of his special conditions and is currently a low/moderate offender, meaning he is seen once every 90 days. Thus, given Mr. Womack's progress and reintegration to the community the probation office supports his request for early termination.

(Doc. 195, pgs. 2-3).

The United States Attorneys Office "agrees with the position of the United States Probation Office." (Doc. 195, pg. 3).

Now, Defendant's *pro se* Motion is governed by 18 U.S.C. § 3583(e)(1), which states the Court may, after considering a number of factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release…if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." While Federal Rule of Criminal Procedure 32.1 ordinarily requires a hearing before a term of supervised release may be modified, no hearing is necessary if the relief sought is (1) favorable to Defendant and does not extend the term of probation or supervised release, and (2) the Government has received notice and a reasonable opportunity to object to the action. *See* Fed. R. Crim. P. 32.1(c)(2).

Here, the Court **FINDS** the above requirements are satisfied, such that a hearing is not required. *See id*. The Court **FURTHER FINDS**, under § 3583(e)(1), Defendant has completed more than a year of supervised release. *See* 28 U.S.C. § 3583(e)(1). The early termination of Defendant's supervised release is also warranted and in the interests of

justice, as it appears he is unlikely to benefit from further supervision. *See id*. Therefore, considering the factors set forth in 28 U.S.C. § 3553(a), the Court **GRANTS** the Motion and **ORDERS** the termination of Defendant's supervised release, effective immediately.

**SO ORDERED.**

Dated: January 23, 2026

_____
DAVID W. DUGAN
United States District Judge

4